**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RACHEL JOHNSTON** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-5235** |
| **HEALTH BILAL, ET AL.** | **SECTION: I/5** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Rachel Johnston, on the grounds of both procedural and jurisdictional defects. For the following reasons, plaintiff's motion to remand is **GRANTED.**

## BACKGROUND

On November 7, 2008, plaintiff filed a petition in Louisiana's Twenty-Fourth Judicial District Court against defendants, Heath Bilal, Ralph Bilal, Bilal Company,[1] Allied Property and Casualty Insurance Company[2] ("Allied"), and State Farm Mutual Automobile Insurance Company ("State Farm").[3] Plaintiff's petition alleges that she was injured after the vehicle she was driving was rear-ended by a vehicle operated by Heath Bilal and owned by Ralph Bilal.[4]

---

[1]Plaintiff's petition improperly named Bilal Company as Bilal Company, Inc. Rec. Doc. No. 1.

[2]Plaintiff's petition improperly named Allied as Allied Property and Casualty Company. *Id.*

[3]Rec. Doc. No. 1-2, para. 1.

[4]*Id.* at para. 3.

On December 30, 2008, defendants, Heath Bilal, Ralph Bilal, and Allied filed a notice of removal in this Court, asserting the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The notice alleges that plaintiff is a Louisiana citizen, Heath Bilal and Ralph Bilal are Colorado citizens, Bilal Company is "a foreign entity, with its principal place of business in Colorado," Allied is "a foreign insurance company, with its principal place of business in Ohio," and State Farm "is a foreign insurance company with its principal place of business in Illinois."[5] The notice further alleges that State Farm "consents to this removal through its attorney Todd Lacoste."[6]

Plaintiff timely filed this motion to remand on January 29, 2009, arguing that State Farm did not join in the removal and that the notice of removal fails to demonstrate complete diversity of citizenship.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "The provisions of section 1446(b) make it clear that a petition for removal must be filed within

---

[5] Rec. Doc. No. 1., paras. 4-8.

[6] *Id.* at para. 7.

thirty days after service of summons upon the defendant." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1263. All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Id.* at 1262-63.[7] If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...."); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998). Moreover, if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction, the court must remand to state court. 28 U.S.C. § 1447(c).

The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S.

---

[7]The Fifth Circuit explained in *Getty*:
> [Section 1446(a)] has been interpreted to require that all then served properly joined defendants join in the removal petition. There are several rather narrow exceptions to this rule...Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it. 841 F.2d at 1262, n. 9 (citations omitted).

3

Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

## II. **DISCUSSION**

### A. **The Rule of Unanimity**

Although § 1446 only requires that all defendants consent to removal, "a defendant must do so itself." *Getty*, 841 F.2d at 1262, n.11. The United States Court of Appeals for the Fifth Circuit explained in *Getty*:

> This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Id.* Accordingly, "the 'rule of unanimity' requires that all then served defendants either join in the notice of removal or timely file written consent to removal into the record." *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612, at *6 (E.D. La. Oct. 21, 2002)(Vance, J.).

In the instant case, State Farm has done neither. First, State Farm did not join in the notice of removal when it was filed.

4

Instead, the notice merely alleges that State Farm "consents to this removal through its attorney Todd Lacoste."[8]

In *Getty*, the Fifth Circuit held that an allegation that a co-defendant "do[es] not oppose and consent[s] to this Petition for Removal" was insufficient. 841 F.2d at 1262, n. 11. The Fifth Circuit recognized that a co-defendant may authorize the removing defendants to formally represent its consent on its behalf. *Id.* However, the allegation that State Farm consents "through its attorney" does not lead the Court to conclude that State Farm has actually authorized the removing defendants to formally represent its consent to the Court. *See Snead v. Woodbine Prod. Corp.*, No. 08-1301, 2008 WL 4610236, at *2 (W.D. La. Oct. 11, 2008)(finding no allegations that a co-defendant authorized a removing defendant to formally or otherwise represent its consent and rejecting as inadequate the removal notice's conclusory assertion that "[u]ndersigned counsel contacted counsel for Woodbine and obtained its consent to removal"); *see also Baker v. Ford Motor Co.*, No. 96-192, 1997 WL 88260, at *1 (N.D. Miss. Feb. 25, 1997).

Statements by defendants in their opposition memoranda that counsel for State Farm "spoke to" counsel for the removing defendants and advised of State Farm's consent to removal do not indicate authorization. This Court previously held that private e-mails between counsel are insufficient as they fail to put either

---

[8] *Id.* at para. 7.

the Court or plaintiff on notice. *Marshall v. Liquide-Big Three, Inc.*, No. 05-3726, 2006 WL 286011, at *2 (E.D. La. Feb. 7, 2006). Likewise, private telephone conversations between counsel fall short of the requirement.[9]

State Farm eventually filed a "consent to removal" into the record, verifying that State Farm spoke with counsel for the removing defendants on December 29, 2008[10] and advised that State Farm consented to removal.[11] However, the submission was not timely. As discussed above, all defendants must join in the removal "no later than thirty days from the day on which the first defendant was served." *Getty*, 841 F.2d at 1262-63. State Farm and Allied were served with process through the Louisiana Secretary of State on December 4, 2008;[12] State Farm filed its consent nearly sixty days

---

[9]Plaintiff claims that State Farm electronically filed its answer to plaintiff's petition in state court the day after the notice of removal was filed in this Court. Rec. Doc. No. 18-5. Counsel for State Farm argues that it is "only fortuitous" that the answer was filed in state court after the notice of removal because he had already drafted the answer and instructed his secretary to file it when he received a phone call from counsel for the removing defendants about their intention to remove. Rec. Doc. No. 20, p. 1. Despite the questionable timing of these filings, the Court's determination focuses on the insufficiency of the removal notice's allegation of State Farm's consent.

[10]The "consent to removal" identifies "12/29/09" as the date counsel for State Farm spoke with counsel for the removing defendants. The Court notes the typographical error as December, 2009 has not yet occurred. The Court also notes that the consent document incorrectly refers to Matthew Ungarino as "counsel for movers in the Motion to Remand." CM/ECF reflects Mr. Ungarino as former counsel for Allied, Ralph Bilal, Heath Bilal and Bilal Company, who removed the case. These defendants are not movers in the motion to remand.

[11]Rec. Doc. No. 19.

[12]Rec. Doc. No. 18-4. Allied, Heath Bilal, Ralph Bilal, and Bilal Company allege in their opposition memorandum that they were served through the Secretary of State on December 5, 2008. Rec. Doc. No. 22. This discrepancy does not affect the Court's analysis because, in either circumstance, the

later on February 3, 2009.[13] Accordingly, State Farm failed to timely join in the removal. *See Marshall*, 2006 WL 286011, at *3 (finding that a formal notice of consent that was filed thirty-one days after service was untimely); *Killen v. Atl. Paper & Foil, LLC.*, No.07-1600, 2007 WL 4299990, at *2 (W.D. La. Dec. 3, 2007)("The Consent to Removal filed by [defendants] 55 days after service on [co-defendant] is of no relevance.").

## B. **Diversity of Citizenship**

Plaintiff also contends that the notice of removal was deficient in alleging the diversity of citizenship between the parties, particularly in light of allegations that Bilal Company is "a foreign entity, with its principal place of business in Colorado," Allied is "a foreign insurance company, with its principal place of business in Ohio," and State Farm "is a foreign insurance company with its principal place of business in Illinois."[14] Plaintiff argues that by alleging only the "principal place of business" of these entities and by failing to identify their legal status as either corporations, limited liability companies, partnerships, or associations, the notice fails to fully and adequately allege each defendants' citizenship.

It is the burden of the party asserting federal jurisdiction

---

consent occurred more than thirty days after service.

[13]Rec. Doc. No. 19.

[14]Rec. Doc. No. 1., paras. 4-8.

to allege the grounds for diversity jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). When the court's jurisdiction is predicated on the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332,[15] the party must "'distinctly and affirmatively allege'" citizenship. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). A notice of removal is sufficient if it provides "the facts from which removal jurisdiction under [§ 1332] could be determined." *Charter Sch. Of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005).

In response to plaintiff's motion to remand, defendants submit a report from the Louisiana Department of Insurance's Web site, which indicates Illinois as State Farm's domicile,[16] as well as a report from the Iowa Secretary of State's Web site, providing that Allied was incorporated in Iowa.[17] Even if the Court has the authority to consider such unauthenticated exhibits, a finding that the Court does not make, defendants fail to provide any further information with respect to Bilal Company's citizenship. All that

---

[15]Section 1332(a) provides the U.S. District Courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...."

[16]Rec. Doc. No. 22-2, p. 18. The Court notes that State Farm's memorandum in opposition simply repeats that State Farm "is a foreign insurance company with its primary business location in the state of Illinois." Rec. Doc. No. 20, p. 2.

[17]*Id.* at p. 19.

8

the Court has before it to consider is that Bilal Company is "a foreign entity, with its principal place in Colorado."[18]

Such assertion is insufficient for the Court to make a determination with respect to the complete diversity of citizenship between the parties. It is unclear what type of entity Bilal Company is. If it is a corporation, the analysis is incomplete absent any information as to Bilal Company's state of incorporation. 28 U.S.C. § 1332(c); *Getty*, 841 F.2d at 1259 ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). If it is not a corporation, its principal place of business is irrelevant. Instead, "the citizenship of each member must be considered." *Id.* In the absence of such allegations of citizenship, the Court "cannot presume the existence of federal jurisdiction." *Howery*, 243 F.3d at 919. Accordingly, defendants' failure to assert an adequate basis for diversity jurisdiction compels the Court to remand the matter.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to Louisiana's Twenty-Fourth Judicial District Court due to the failure of defendants to sufficiently establish this Court's subject matter jurisdiction and

---

[18] Rec. Doc. No. 1, para. 5.

the failure of all defendants to timely join in removal.

New Orleans, Louisiana, April 10th, 2009

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**